UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID R. DESPOT, | : | Case No. 1:06-cv-474 |
| | : | |
| Plaintiff, | : | Spiegel, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| WESTERN SOUTHERN | : | |
| FINANCIAL GROUP, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S MOTION TO DISMISS (Doc. 2) BE GRANTED AND THIS CASE BE CLOSED**

Plaintiff initiated this action on July 20, 2006 by filing a *pro se* complaint against defendant Western Southern Financial Group ("Western Southern") alleging, *inter alia*, retaliation in violation of Title VII, defamation, fraud and negligence. (Doc. 1).

**I.**

On January 4, 2007, defendant filed a motion to dismiss plaintiff's complaint for insufficiency of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, or alternatively, for insufficiency of process pursuant to Rule 12(b)(4) of the Federal Rules of Civil Procedure. (Doc. 2.)

Thereafter, on January 5, 2007, plaintiff was Ordered to Show Cause in writing within twenty (20) days of the entry date of this Order why his complaint should not be dismissed without prejudice for failure of service of process. On January 16, 2007,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

plaintiff filed a response to the Show Cause Order asserting that he served a true and correct copy of the complaint on Western Southern. Plaintiff has not otherwise responded to Western Southern's motion to dismiss.

## II.

Plaintiff filed a 73 page complaint asserting nine purported causes of action against Western Southern in connection with its decision not to offer employment to plaintiff. To date, however, plaintiff has not requested waiver of service of process or served Western Southern with a valid summons and complaint although more than 120 day have passed since the filing of the complaint.

Additionally, plaintiff has not satisfactorily responded to the Court's Show Cause Order. The Show Cause Order expressly stated:

> If a service of the <u>summons and complaint</u> is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.
> ***
> [P]laintiff is hereby **NOTIFIED** that the Court proposes to dismiss his complaint without prejudice due to his failure to effect timely service of process of the summons and complaint. Plaintiff, therefore, is **ORDERED** to show cause in writing within twenty (20) days of the entry date of this Order why his complaint should not be dismissed without prejudice for failure of service of process.

(Doc. 5) (*emphasis added*).

In his response, however, plaintiff merely asserts that: "On July 18, 2006, I served

-2-

a true and correct copy of the Complaint on Western Southern Financial Group. . . ." (Doc. 6).  Plaintiff does not provide any evidence or argument relating to his failure to include a valid summons with that his complaint nor any evidence or argument relating to his failure to perfect service within 120 days of the filing of the complaint.

Moreover, as noted in the Show Cause Order, ["u]nless a named defendant agrees to waive service, the summons continues to be the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights."  *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999).  Indeed, absent either waiver or proper service of process, this Court does not have personal jurisdiction over the defendants.  *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (and cases cited therein).

Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made.  *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Jacobs v. University of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999).

Upon a showing of good cause for the failure to effect timely service, "the court shall extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m); *Osborne v. First Union Nat'l Bank*, 217 F.R.D. 405, 408 (S.D. Ohio 2003).  In the absence of a showing of good cause, the court has discretion to dismiss *sua sponte*, provided that the plaintiff has notice of the proposed action.  *See Osborne*, 217 F.R.D. at 408; *United States v. Gluklick*, 801 F.2d 834, 837 (6th Cir. 1986), *cert. denied*, 480 U.S.

919 (1987).

As noted above, plaintiff has failed to properly serve Western Southern with a copy of the summons and complaint within 120 days after filing the complaint. Notably, plaintiff has filed six federal actions against his former employers, and he is therefore familiar with the procedural requirements for initiating a lawsuit in federal court. Moreover, defendant's motion to dismiss, and the Court's Show Cause Order, put plaintiff on notice that his service of process was deficient, yet he did not attempt to correct the deficiency. Plaintiff's assertion that he "served a true and correct copy of the Complaint" does not establish good cause for the failure to effect timely service.

Accordingly, the undersigned finds that defendant's motion to dismiss (doc. 2) is well-taken, and therefore **RECOMMENDS** that it be **GRANTED** and this case be **CLOSED**.

Date: August 30, 2007              s/Timothy S. Black
                                   Timothy S. Black
                                   United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID R. DESPOT, | : | Case No. 1:06-cv-474 |
| | : | |
| Plaintiff, | : | Spiegel, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| WESTERN SOUTHERN | : | |
| FINANCIAL GROUP, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).