```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

DAVID R. DESPOT              :     NO:  1:06-CV-00474
                             :
      Plaintiff,            :
                             :     **OPINION AND ORDER**
  v.                         :
                             :
WESTERN SOUTHERN FINANCIAL   :
GROUP,                       :
                             :
      Defendant.            :

       This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that Defendant's Motion to Dismiss be granted (doc. 7).  For the reasons stated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety, GRANTS Defendant's motion to dismiss, and DISMISSES this case WITHOUT PREJUDICE.

       On January 4, 2007, Defendant Western Southern Financial Group filed a motion to dismiss Plaintiff David Despot's complaint (doc. 1) for insufficiency of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, or alternatively, for insufficiency of process pursuant to Rule 12(b)(4) (doc. 2). Consequently, on January 5, 2007, the Magistrate Judge Ordered Plaintiff to Show Cause why his complaint should not be dismissed without prejudice for failure of service of process (doc. 5).  On January 16, 2007, Plaintiff responded, arguing that he served a true and correct copy of the complaint on Defendant (doc. 6).

       The Magistrate Judge, after reviewing the record,

concluded that Plaintiff neither requested a waiver of service, nor served Defendant with a valid summons and complaint within one hundred twenty (120) days of the filing of the complaint (doc. 7). The Magistrate Judge also found that Plaintiff did not satisfactorily respond to the Show Cause Order, such that would necessitate an extension of the time for proper service (Id., citing Fed. R. Civ. P. 4(m); Osborne v. First Union Nat'l Bank, 217 F.R.D. 405, 408 (S.D. Ohio 2003)). Absent either waiver or proper service of process, the Magistrate Judge noted that the Court does not have personal jurisdiction over Defendant (Id., citing Friedman v. Estate of Presser, 929 F.2d 1151, 1156 (6th Cir. 1991)). As a result, the Magistrate Judge recommended that the Defendant's motion to dismiss be granted (Id.).

Plaintiff objects to the Magistrate Judge's Report and Recommendation, arguing as he did in his response to the Show Cause Order, that he served a true and correct copy of the complaint on Defendant (doc. 8). Plaintiff avers that as a pro se plaintiff, he justifiably believed this service to be sufficient (Id.).

The Court does not find this argument well-taken. Both the motion to dismiss and the Show Cause Order put Plaintiff on notice that his service of process was deficient, yet he did not attempt to correct the deficiency. Because Plaintiff neither obtained a waiver or proper service of process, nor did he establish good cause for this failure to effect timely service, the

2

Court does not have personal jurisdiction over Defendant, and the complaint must be dismissed.  See Friedman, 929 F.2d at 1156.[1]

Therefore, having reviewed this matter de novo pursuant to 28 U.S.C. § 636(b), the COURT ADOPTS the Magistrate Judge's Report and Recommendation (doc. 7) in its entirety, and therefore, GRANTS Defendant's motion to dismiss (doc. 2), and DISMISSES this case WITHOUT PREJUDICE.

It is noted that because the Court dismisses this case without prejudice, Plaintiff may correct the defect in service by refiling this action with the appropriate waiver of service or proper service of process.  However, the Court cautions Plaintiff that absent a basis for equitable tolling of the statute of limitations, Title VII suits filed more than ninety (90) days after an EEOC "right to sue" letter is issued will be dismissed.  42 U.S.C.A. § 2000e-5(f)(1).

SO ORDERED.

Dated: November 13, 2007          /s/ S. Arthur Spiegel
                                  S. Arthur Spiegel
                                  United States Senior District Judge

---

[1] See also, Omni Capital Int'l v. Rudolf Wolff & Co., LTD., 484 U.S. 97, 104 (1987) ("[B]efore a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum."); Amen v. City of Dearborn, 532 F.2d 554, 557 (6th Cir.1976) ("[D]ue process requires proper service of process in order to obtain in personam jurisdiction."); Delta S.S. Lines, Inc. v. Albano, 768 F.2d 728, 730 (5th Cir.1985) (A defendant's return and acknowledgment are an essential part of the procedure for establishing in personam jurisdiction).